# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| BOBBY ROUSE, ET AL., on behalf of himself and all others similarly situated, | § § § | Civil Action No. 3:15-CV-00048 |
| Plaintiff, | § § § | FAIR LABOR STANDARDS ACT COLLECTIVE ACTION (JURY TRIAL) |
| v. | § § | |
| TARGET CORPORATION, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF FINAL JUDGMENT AND ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT .................................................................................................................... 2

    A.    Certain Fees Requested by WLF Should Be Excluded Because They Are Inadequately Documented, Unreasonable, Duplicative, or Unnecessary. ..... 3

        1.    WLF's Claimed Hours Are Inadequately Documented. .................... 4

        2.    WLF's Claimed Hours Are Unreasonably High for Many Tasks. .... 6

        3.    WLF's Claimed Hours Are Duplicative. ........................................... 7

        4.    WLF Attorney Hours Include Unnecessary Time. ........................... 9

        5.    WLF Improperly Claims Hours for Secretarial Tasks. .................... 10

    B.    WLF's Claimed Paralegal and Law Clerk Rates Are Unsupported. ........... 11

    C.    Based on Adjustments for Unsupported, Unreasonable, Excessive, Vague, or Duplicative Hours and Unsupported Rates, the Court Should Award WLF Not More Than $22,005 in Fees, or $24,907.50 If Paralegal and Law Clerk Fees Are Included. ................................................................................. 12

    D.    WLF's Litigation Costs Should Be Denied Because They Are Also Insufficiently Documented. ......................................................................... 13

III. CONCLUSION ............................................................................................................... 14

**Cases**                                                                   **Page(s)**

*Firestine v. Parkview Health Sys., Inc.*,
   374 F. Supp. 2d 658 (N.D. Ind. 2005) ................................................................... 10

*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013) .............................................................................................. 9

*H.J. Inc. v. Flygt Corp.*,
   925 F.2d 257 (8th Cir. 1991) .................................................................................... 4

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ..................................................................................... 2, 3, 9, 11

*Hoffman v. Constr. Protective Servs., Inc.*,
   No. EDCV 03-01006-VAP, 2006 WL 6105638 (C.D. Cal. Aug. 31,
   2006) ....................................................................................................................... 11

*Humphry v. United Way of the Texas Gulf Coast*,
   802 F. Supp. 2d 847 (S.D. Tex. 2011) ...................................................................... 5

*Kirsch v. Fleet St., Ltd.*,
   148 F.3d 149 (2d Cir. 1998) ................................................................................. 3, 4

*Lowery v. Cash's Cabanas, Inc.*,
   No. 3:08cv186/MCR/MD, 2011 WL 679457 (N.D. Fla. Jan. 4, 2011) ................. 6, 8

*In re Meese*,
   907 F.2d 1192 (D.C. Cir. 1990) ................................................................................ 5

*Migis v. Pearle Vision, Inc.*,
   135 F.3d 1041 (5th Cir. 1998) .................................................................................. 3

*Miller v. Raytheon Co.*,
   Civil Action No. 3:09–cv–440–O, 2013 WL 6838302 (N.D. Tex. Dec.
   27, 2013) ................................................................................................................. 12

*Missouri v. Jenkins*,
   491 U.S. 274 (1989) ................................................................................................ 11

*Powell v. Carey Int'l, Inc.*,
   547 F. Supp. 2d 1281 (S.D. Fla. 2008) ..................................................................... 3

# TABLE OF AUTHORITIES
(*cont'd*)

Page(s)

*Prater v. Commerce Equities Mgmt. Co.*,
   Civil Action No. H–07–2349, 2008 WL 5140045 (S.D. Tex. Dec. 8,
   2008) .................................................................................................................... 3, 11

*Ramos v. Patrician Equities Corp.*,
   No. 89 CIV. 5370 (TPG), 1993 WL 58428 (S.D.N.Y. Mar. 3, 1993) ......................... 13

*Role Models Am., Inc. v. Brownlee*,
   353 F.3d 962 (D.C. Cir. 2004) ..................................................................................... 5

*Rutti v. Lojack Corp.*,
   No. SACV 06–350 ..................................................................................................... 13

*Silva v. Tegrity Pers. Servs., Inc.*,
   Civ. Action No. 4:13-cv-00860, 2013 WL 6383030 (S.D. Tex. Dec. 5,
   2013) .............................................................................................................................. 9

*Tollet v. City of Kemah*,
   285 F.3d 357 (5th Cir. 2002) ..................................................................................... 12

*Trevino v. Gates*,
   888 F. Supp. 1509 (C.D. Cal. 1995) ............................................................................ 5

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................. 2

**Other Authorities**

I.R.S. Notice 2014-79 (Dec. 10, 2014) *available at*
   https://www.irs.gov/pub/irs-drop/n-14-79.pdf ............................................................ 14

Defendant Target Corporation ("Target") brings this opposition to Plaintiffs' Request for Entry of Final Judgment and Attorneys' Fees and Costs, and would respectfully show the Court the following:

## I. INTRODUCTION

On October 22, 2015, plaintiffs filed their Request for Entry of Final Judgment and Attorneys' Fees and Costs (the "Fees Request). *See* Dkt. 30. As a threshold matter, plaintiffs' request for entry of final judgment is moot. The Court has already issued an order directing the Clerk to enter judgment for plaintiffs and against Target pursuant to the terms of the Rule 68 Offers accepted by plaintiffs on August 6, 2015, and approved by the Court. *See* Dkt. 29, Oct. 20, 2015, Order Granting Defendant's Motion for Approval of FLSA Settlement Pursuant to Plaintiffs' Acceptance of Rule 68 Offers of Judgment and for Dismissal of Action (the "Oct. 20 Order"). Pursuant to the terms of the Oct. 20 Order, on October 26, 2015, Target delivered to plaintiffs checks addressed to plaintiffs covering both the judgment and any post-judgment interest, *see* Declaration of Christie A. Mathis in Support of Defendant's Opposition to Plaintiffs' Request for Entry of Judgment and Attorneys' Fees and Costs ("Mathis Decl."), ¶ 2, Exh. A, and has therefore satisfied the final judgment.

Plaintiffs' renewed request for entry of judgment, *see* Fees Request ¶ 3, makes no mention of the Oct. 20 Order; nor does the request indicate that there is anything wrong with the Oct. 20 Order. Indeed, the Oct. 20 Order expressly provides that reasonable attorneys' fees and costs will be awarded by a separate order. Oct. 20 Order (Dkt. 29) at 2. Accordingly, the only issue currently before the Court is the amount of reasonable

attorneys' fees and costs to be awarded to plaintiffs' counsel, the Willis Law Firm, PLLC ("WLF"), pursuant to the Offers of Judgment.

The Fees Request fails in several fundamental respects:

First, it lacks sufficient, competent documentation to support the hours and costs claimed. Most of the time entries are undated, and other entries reflect the conflation of as many as 24 entries or contain vague descriptions, making it impossible for Target (or the Court) to determine whether the time claimed is reasonable. To the extent the summary offers detail, the time reported in several instances appears to be excessive, duplicative, and unnecessary.

Second, WLF offers no competent evidence supporting the rates claimed for paralegal and law clerk time.

Finally, WLF's claimed litigation costs are insufficiently documented and/or unsupported and should not be paid, or should be significantly reduced.

Target thus requests that the Court award attorneys' fees of not more than $22,005, or $24,907.50 if paralegal and law clerk fees are included, and award no costs or costs of not more than $983.66.

## II. ARGUMENT

Under the FLSA, a prevailing plaintiff is entitled to "reasonable" attorneys' fees and costs. *See* 29 U.S.C. § 216(b). To be considered reasonable, however, those fees and costs must be properly documented and supported. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### A. Certain Fees Requested by WLF Should Be Excluded Because They Are Inadequately Documented, Unreasonable, Duplicative, or Unnecessary.

The party seeking attorneys' fees bears the burden of properly documenting the hours spent and must submit competent evidence of those hours. *Hensley*, 461 U.S. at 433; *Prater v. Commerce Equities Mgmt. Co.*, Civil Action No. H–07–2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008). The application for attorneys' fees should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). District courts should exclude "hours that were not 'reasonably expended'" from the initial fee calculation. *Hensley*, 461 U.S. at 434. "In determining whether the number of hours expended on the litigation is reasonable, the district court should exclude from its initial fee calculation 'hours that are excessive, redundant or otherwise unnecessary.'" *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1285 (S.D. Fla. 2008) (quoting *Hensley*, 461 U.S. at 434). Hours spent on unsuccessful motions, claims, or issues should be excluded. *Hensley*, 461 U.S. at 434–35. Once the appropriate hourly rate and number of compensable hours are determined, they are multiplied together to produce the lodestar amount. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

## 1. WLF's Claimed Hours Are Inadequately Documented.

WLF's documentation of hours claimed suffers from three flaws that warrant a reduction in any hours the Court accepts: (1) the lack of dates on many entries, (2) the conflation of entries, and (3) vagueness.

First, the vast majority of WLF's billing entries are undated. *See* Mathis Decl., ¶ 3, Exh. B *generally*.[1] Undated entries fail to satisfy even the most basic criteria for supporting an attorneys' fee application. *See Kirsch*, 148 F.3d at 173 (stating that, among other things, each time record in fee application should be dated). Moreover, the lack of dates strongly indicates that WLF's time entries are not contemporaneous, and instead are reconstructed by memory. That calls into serious question their accuracy.

Second, billing entries must not be so vague as to make it impossible to attribute a particular attorney's specific time to a distinct issue or claim. *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Here, WLF conflates numerous activities into single undated entries. For example, entry 51 reflects 6.0 hours, more than 10% of the total time purportedly spent by Ms. Wills on this case, for "exchange of 24 emails with opposing counsel." *See* Mathis Decl., Exh. A. Similarly, entry 52 reflects a total of 1.75 hours for six undated "t/c with client" for Ms. Wills and entries 1, 23 and 50 reflect a total of 5.75 hours of "client meeting[s]" for Ms. Wills all regarding undescribed subjects. *See id*. Ms. Estrada likewise claims an additional 2.0 hours for meetings, consults, and/or telephone conferences with the plaintiffs without any substantive

---

[1] Exhibit B to the Mathis Declaration is a copy of Exhibit 2 to Plaintiffs' Request for Entry of Final Judgment and Attorneys' Fees and Costs, with each entry numbered for easy reference. *See* Mathis Decl., ¶ 3.

description.  *See id.* (entries 54–55, 71).  Entries such as these make it impossible for Target (or the Court) to determine whether the time claimed is reasonable, whether the time claimed related to tasks for which plaintiff cannot recover, *see* section II.A.4 *infra*, or whether it is duplicative of other time claimed, and are baldly insufficient.  *See Humphry v. United Way of the Texas Gulf Coast*, 802 F. Supp. 2d 847, 865 n.25 (S.D. Tex. 2011) ("Bare descriptions, without any reference to content or purpose, do not demonstrate that the services were necessary and that the amount of time expended was reasonable." (quoting *Flalick v. Plumbers & Pipefitters Nat'l Pension Fund*, Civil Action No. 3:09–CV–0752–D, 2011 WL 487754, at *10 (N.D. Tex. Feb. 11, 2011))); *see also In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (*per curiam*) (reducing award where "[t]he time records maintained by the attorneys, paralegals and law clerks are replete with instances where no mention is made of the subject matter of the meeting, telephone conference or the work performed during hours billed").

Based on the lack of dated records, conflated time, and vague entries, the Court should significantly reduce WLF's hours by at least 40%.  *See*, *e.g.*, *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (attorneys' fee award reduced by 50% for, among other deficiencies, multiple tasks lumped together, inadequate detail, and irrelevancy); *Trevino v. Gates*, 888 F. Supp. 1509, 1520 (C.D. Cal. 1995) (reducing attorneys' fees by further 30% because the "case could have been tried much more efficiently and because the vague entries in plaintiff's counsel's time sheet preclude any further meaningful review"), *vacated and remanded in part on other grounds*, 99 F.3d

911 (9th Cir. 1996). At a minimum, the specific entries described above are insufficiently supported and should be deducted from any fee award to WLF.

### 2. WLF's Claimed Hours Are Unreasonably High for Many Tasks.

The WLF billing statement also includes numerous instances of billing for excessive activity, often for very simple tasks. This Court should take a dim view of excessive hours spent by purportedly experienced practitioners on simple tasks. *E.g.*, *Lowery v. Cash's Cabanas, Inc.*, No. 3:08cv186/MCR/MD, 2011 WL 679457, at *7 (N.D. Fla. Jan. 4, 2011). For example:

- **1.5 hours** for Ms. Wills reviewing defense counsel's three form motions for *pro hac* admission (0.75 hours) and the Court's orders granting those motions, *i.e.*, the signature at the bottom of the form motion (0.75 hours), *see* Mathis Decl., Exh. B (entries 5–10); *see also* Dkts. 6–11.

- **0.75 hours** for Ms. Wills reviewing Target's certificates of interested parties, which listed only the parties to the action, and corporate disclosure statement, wherein Target stated there was nothing to disclose, *see* Mathis Decl., Exh. B (entries 12–13, 16); *see also* Dkts. 13–14, 18.

- **0.5 hours** for Ms. Estrada reviewing both the minute entry and order from the pre-trial conference (after attending the conference in person, *see* Mathis Decl., Exh. B entry 92) and the docket control order which set forth the same scheduling dates, *see id.* (entries 94–95); *see also* Dkts. 21–22.

- **0.5 hours** for Ms. Estrada to review plaintiffs' 11-page document production, *see* Mathis Decl., Exh. B (entry 88).

WLF also claims an astounding **17.0 hours** for an unnamed paralegal to mark *11 documents* for plaintiffs' document production, *see* Mathis Decl., Exh. B (entry 115). Not only is 17.0 hours of time ridiculously excessive for the marking of 11 documents, it borders on the absurd given plaintiffs produced only *11 pages* total as part of discovery,

*see* Mathis Decl., ¶ 4, Exh. C, equating to more than an hour and a half marking each page and which took Ms. Wills only 0.25 hours to review. *See* Mathis Decl., Exh. B (entry 31). This entry alone should be reduced by at least 16.5 hours, if not disallowed entirely. WLF then claims an additional 0.75 hours for the paralegal to review the purported 11 documents produced by plaintiffs. *See id.* (entry 116).

Based on their own documentation, the Court should significantly reduce WLF's hours to remove such excesses.

### 3. WLF's Claimed Hours Are Duplicative.

WLF's documentation also indicates that many tasks were duplicated by multiple attorneys or timekeepers, in several instances at the excessively high hours claimed by another timekeeper. For example, in addition to the excessive time claimed by Ms. Wills for reviewing defense counsel's *pro hac* vice motions and Target's corporate disclosures, Ms. Estrada claims the exact same time to perform these vary tasks again:

- **1.5 hours** for Ms. Estrada reviewing defense counsel's three form motions for *pro hac* admission (0.75 hours) and the Court's orders granting those motions, *i.e.*, the signature at the bottom of the form motion (0.75 hours), *see* Mathis Decl., Exh. B (entries 62-67).

- **0.5 hours** reviewing Target's certificates of interested parties, which listed only the parties to the action, and corporate disclosure statement, *see id.* (entries 69-70, 74).

WLF's billing records also indicate that Ms. Wills and Ms. Estrada seek to recover for performing the same task on other occasions as well, including:

- Preparing, researching, and (somehow both) *filing* the complaint and notices of consent in a very simple, straight-forward FLSA case (4.75 hours

for Ms. Wills, *see* Mathis Decl., Exh. B (entries 2–3); 8.0 hours for Ms. Estrada, *see id.* (entry 56), totaling $4,775).

- Reviewing a letter regarding the settlement of plaintiffs' claims (0.75 hours for Ms. Wills, *see id.* (entry 20); 0.25 hours for Ms. Estrada, *see id.* (entry 77)).

- Preparing a damages analysis for plaintiffs (1.5 hours for Ms. Wills, *see id.* (entry 22); 2.5 hours for Ms. Estrada, *see id.* (entry 79)).

- Reviewing a letter regarding deposition for plaintiffs (0.25 hours for Ms. Wills, *see id.* (entry 27); 0.25 for Ms. Estrada, *see id.* (entry 83)).

- Reviewing Target's responses to plaintiff Rouse's first request for production[2] and review of the documents produced by defendant (2.25 hours for Ms. Wills, *see id.* (entry 43); 2.0 hours for Ms. Estrada, *see id.* (entries 78 & 99)).

Here again, such duplication and inefficiency warrants a downward adjustment of at least 40%. *See*, *e.g.*, *Lowrey*, 2011 WL 679457, at *7 (reducing fee by 60% where "nearly every piece of evidence or bit of information that came in was reviewed by at least two lawyers and a paralegal" and finding excessive $5,207.50 in billable time for "experienced employment firm" to prepare "relatively simple complaint").

In addition to the already duplicative attorney time entries identified above, WLF also seeks reimbursement for 1.0 hour of paralegal time for reviewing Target's document production. *See* Mathis Decl., Exh. B (entry 113). Like the duplicative lawyer time, WLF's fees should also be reduced by duplicative paralegal time.

---

[2] Tellingly, both Ms. Wills's and Ms. Estrada's time entries regarding the review of Target's responses to the document requests include the same strange capitalization and wording: "Review Defendant's responses to Plaintiff Bobby Rouse First Request of [*sic*] Production." *See* Mathis Decl., Exh. B (entries 43 & 99). This strongly suggests that one entry was copied and pasted as a second entry. Similarly, both Ms. Wills and Ms. Estrada refer to preparing and/or reviewing "Plaintiffs' First Amended," *see id.* (entries 45 & 101), without specifying "First Amended" *what*.

### 4. WLF Attorney Hours Include Unnecessary Time.

Based on the summary, not only does WLF's fees request include many excessive and duplicative hours, but also unnecessary time. Courts have held that "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 435 (internal citations and quotation marks omitted).

For example, WLF claims 4.75 hours for Ms. Wills's research and drafting of a motion for conditional certification. *See* Mathis Decl., Ex. B (entry 40). Although WLF's attempt to generate a collective action was not an unsuccessful "claim," it was a wholly unexecuted procedural strategy that created no benefit for plaintiffs. Indeed, plaintiffs brought no such motion, and in any event, plaintiffs' collective action claims were rendered moot by their acceptances of the Rule 68 offers. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) (holding that Rule 68 offers that satisfy named and opt-in plaintiffs' claims moot collective claims); *Silva v. Tegrity Pers. Servs., Inc.*, Civ. Action No. 4:13-cv-00860, 2013 WL 6383030, at *10 (S.D. Tex. Dec. 5, 2013) (same). Thus, any time spent by WLF researching or preparing any conditional certification papers was not expended in pursuit of the "ultimate result achieved," the settlement of plaintiffs' claims for $15,000. Dkt. 26-1, at 2. WLF should not be rewarded for their unexecuted attempt to make an individualized FLSA case into a collective action. Consequently, the amounts expended by WLF in pursuit of a collective action should be excluded from the Court's consideration of a reasonable fee. *See*

*Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 665–66 (N.D. Ind. 2005) (hours expended by employee's attorneys in seeking to have EEOC file *amicus* brief on employee's behalf were unnecessary and would not be included in calculating reasonable attorney fee award, where EEOC did not intercede on employee's behalf on appeal). Specifically, 4.75 hours and $2,375 in fees should be excluded from WLF's request for fees for unnecessary work related to a motion for conditional certification.

Moreover, WLF claims that "[a]ll the services performed by [WLF] were reasonably necessary in the prosecution of this action with respect to the advancement of the claims of Plaintiffs." *See* Declaration of Rhonda H. Wills ("Wills Decl.") ¶ 24 (Dkt. 30-2). Yet, WLF claims the time related to Ms. Wills's efforts to include the litigation in her upcoming reality TV show. *See* Mathis Decl., Exh. B (entries 107–08). Fees may not properly be awarded for those entries.

### 5. WLF Improperly Claims Hours for Secretarial Tasks.

The vast majority of the time entries for paralegal work appear to be for secretarial tasks. For example, WLF claims 2.5 hours of paralegal time for indexing documents, *see* Mathis Decl., Exh. B (entry 114), 1.25 hours for filing documents and discovery, *see id.* (entry 116), 3.0 hours of paralegal time for making copies, *see id.* (entry 118)—in addition to seeking $249.85 for the cost of the copies themselves, *see* Plffs.' Exh. 3 (Dkt. 30-3)—0.25 hours of paralegal time for sending a fax, *see* Mathis Decl., Exh. B (entry 119), 0.75 hours of paralegal time for sending a letter via FedEx, *see id.* (entry 120), and 4.0 hours of paralegal time "preparing" correspondence, some of which was also

"prepared" by an attorney, *see id.* (entries 121–26); *see id.* (compare entry 124 with entry 90, entry 125 with entry 91, entry 126 with entry 105). Recovery for these clerical tasks is not permitted. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (explaining that secretarial work is non-compensable). To the extent, WLF is permitted to recover for any paralegal time at all, *see* section II.B *infra*, that amount should be reduced by at least $1,406.25. *See* Mathis Decl., Exh. B (entries 114, 116, 118–126).

### B. WLF's Claimed Paralegal and Law Clerk Rates Are Unsupported.

Just as with its hours documentation, WLF also bears the burden of justifying its claimed hourly rates. *Hensley*, 461 U.S. at 433. To meet that burden, a party must present evidence that practitioners with similar experience, skills, and reputations garner similar rates. *Prater*, 2008 WL 5140045, at *3. When a fee applicant fails to meet his burden, the court should award no fees. *See*, *e.g.*, *Hoffman v. Constr. Protective Servs., Inc.*, No. EDCV 03-01006-VAP (SGLx), 2006 WL 6105638, at *4–5 (C.D. Cal. Aug. 31, 2006) (awarding no fees in FLSA case for attorney whose rate was undocumented).

Regarding the paralegal and law clerk rates, WLF does not name the individuals or provide any information regarding their skills, reputations, and experiences. While WLF does refer to a published national average billing rate for paralegals and law clerks purportedly "exceed[ing] $100 per hour" "even at small firms," *see* Wills Decl., ¶ 19, WLF provides no evidence that its paralegal(s) and law clerk have the necessary skills, reputations, and experience to garner significantly more than the national average rates. *See id.* (seeking 50% more than the purported national average for law clerk time and

25% more for paralegal time). Moreover, national rates are not the appropriate basis for measuring the reasonableness of rates. *See Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."); *see also Miller v. Raytheon Co.*, Civil Action No. 3:09–cv–440–O, 2013 WL 6838302, at *7 (N.D. Tex. Dec. 27, 2013) (looking at market in rates in Dallas because "[t]he prevailing market rates for similar work in the relevant community determine the reasonably hourly rate"). WLF puts forth no evidence of comparable paralegal and law clerk rates in Houston, let alone for paralegals and law clerks with similar skills and experience. Having failed to provide any explanation or justification for the paralegal and law clerk rates, WLF should not be permitted to recover anything for their work.

### C. Based on Adjustments for Unsupported, Unreasonable, Excessive, Vague, or Duplicative Hours and Unsupported Rates, the Court Should Award WLF Not More Than $22,005 in Fees, or $24,907.50 If Paralegal and Law Clerk Fees Are Included.

A summary of the adjustments supporting Target's calculation includes:

| Adjustment | Result |
|---|---|
| Reduce attorney hours pertaining to unsuccessful strategies or irrelevant activities (*see* Mathis Decl., Exh. B (entries 40, 107 & 108)). | Eliminate 4.75 hours of Ms. Wills's hours, and 0.50 hours of Ms. Estrada's hours, leaving 38.75 hours for Ms. Wills and 57.7 hours for Ms. Estrada. |
| Reduce remaining attorney hours for lack of documentation, vague entries, excessive hours, duplicative time entries. | Reduce attorney hours by 40%, leaving 23.25 hours for Ms. Wills and 34.6 hours for Ms. Estrada which, times $500 and $300 respectively, equal $11,625 and $10,380, for a total of $22,005. |

| Adjustment | Result |
| --- | --- |
| Eliminate all paralegal and law clerk hours for lack of proof as to rates. | No paralegal or law clerk hours. If the Court decides to award fees for their hours, reduce their time by 40% due to lack of documentation, vague entries, excessive hours, duplicative time entries, and secretarial tasks, leaving 18.3 paralegal hours and 4.1 law clerk hours which, times $125 and $150 respectively, equal $2,287.50 and $615, for a total of <u>$2,902.50</u>. |

### D. WLF's Litigation Costs Should Be Denied Because They Are Also Insufficiently Documented.

WLF also fails to support its cost request. *See* Pltffs. Exh. 3 (Dkt. 30-3). Here again, the prevailing party bears the burden of producing sufficient documentation to support the cost request, and the Court should strike costs not supported by sufficient documentation. *See*, *e.g.*, *Ramos v. Patrician Equities Corp.*, No. 89 CIV. 5370 (TPG), 1993 WL 58428, at *44 (S.D.N.Y. Mar. 3, 1993); *Rutti v. Lojack Corp.*, No. SACV 06–350 DOC (JCx), 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012) (denying any recovery for litigation expenses where plaintiffs "attached a half-page table that merely include[d] general headings such as 'travel/lodging/rental cars' and a total cost for each category"). Without any documentation, neither Target nor the Court can determine whether the costs were incurred, whether they related to plaintiffs' individual claims (and not the collective action claims or Ms. Wills's reality television show), and whether the costs were reasonable. Therefore, the Court should deny the costs in full.

Even if the Court were to award costs, the costs concerning travel to Galveston for the scheduling conference should be reduced to the extent they exceed the IRS rate for

mileage reimbursement. Specifically, WLF seeks $122.10 each for both Ms. Wills and Ms. Estrada to travel separately to the scheduling conference in Galveston for a total of $244.20. *See* Mathis Decl., Exh. B (entries 3–4). However, the roundtrip mileage between WLF's offices in Houston and the courthouse in Galveston is approximately 115 miles.[3] At the IRS rate of $0.575/mile, *see* I.R.S. Notice 2014-79 (Dec. 10, 2014) *available at* https://www.irs.gov/pub/irs-drop/n-14-79.pdf (last visited Oct. 26, 2015), the mileage reimbursement sought should be $66.13, not the excessive and nearly quadruplicate $244.20 WLF seeks. WLF provides no explanation, let alone a reasonable basis, for the additional $178.07. Accordingly, WLF's fee request should, at a minimum, be reduced by the $178.07 in excessive and duplicative mileage reimbursement sought.

## III.  CONCLUSION

For the reasons stated above, the Court should award to WLF, at most, $22,005 in fees and no costs. If the Court were inclined to award fees for paralegal and law clerks, as well, the total fee award should not exceed $22,005 plus $2,902.50 or $24,907.50. If the Court were inclined to award costs, they should not exceed $983.66.

---

[3] See http://www.mapquest.com/directions/from/us-tx-houston-1776+yorktown+st-77056+4103~to~us-tx-galveston-601+rosenberg+st-77550+1705/L1;29.747497,-95.471515/L1;29.302461,-94.796009 (last visited Oct. 27, 2015).

Dated:  October 29, 2015.    Respectfully submitted,

**PAUL HASTINGS LLP**

By: /s/ *Jeffrey D. Wohl (with permission)*
   Jeffrey D. Wohl
   (*admitted pro hac vice & leave granted to appear as attorney-in-charge*)
   ATTORNEY-IN-CHARGE
   55 Second Street, 24th Floor
   San Francisco, California  94105
   T:  (415) 856-7000
   F:  (415) 856-7100
   jeffwohl@paulhastings.com

*Attorney-in-Charge for Defendant Target Corporation*

OF COUNSEL:

**PAUL HASTINGS LLP**

Samuel W. Cooper
Texas Bar No. 00792427
SDTX No. 19954
Christie A. Mathis
Texas Bar No. 24070226
SDTX No. 1113068
600 Travis Street, 58th Floor
Houston, Texas  77002
T: (713) 860-7300
F: (713) 353-2300
samuelcooper@paulhastings.com
christiemathis@paulhastings.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to registered counsel of record for all parties who have appeared in this litigation.

/s/ *Christie A. Mathis*
Christie A. Mathis