IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BOBBY ROUSE and NICOLE GARZA, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:15-cv-00048 |
| v. | § § | FLSA COLLECTIVE ACTION (JURY TRIAL) |
| TARGET CORPORATION, | § § | |
| Defendant. | § | |

**PLAINTIFFS' <u>REPLY</u> TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS**

TO THE HONORABLE UNITED STATES COURT:

Plaintiffs Bobby Rouse ("Rouse") and Nicole Garza ("Garza") (collectively, "Plaintiffs") file their Reply to Defendant Target Corporation's ("Target") Response to Plaintiffs' Request for Attorneys' Fees and Costs and respectfully show as follows:

## I. INTRODUCTION

On August 6, 2015, Plaintiffs accepted Target's Rule 68 Offers of Judgment in the amounts of $6,250 for Rouse and $8,750 for Garza, respectively. On October 20, 2015, this Court directed the clerk to enter judgment against Target on Plaintiffs' Fair Labor Standards Act ("FLSA") overtime claims and ordered that attorneys' fees and costs would be awarded by separate order. [Doc. 29]. Shortly thereafter, Plaintiffs filed their request for attorneys' fees and costs, and Target now opposes the amounts requested by Plaintiffs. Specifically, Target seeks to drastically reduce Plaintiffs' attorneys' fees by at least 40% and requests that this Court also prohibit the recovery of all costs expended by Plaintiffs' counsel in obtaining Plaintiffs' recovery in this matter. As explained in more detail below, Target's grounds for opposing Plaintiffs' request for attorneys'

1

fees and costs are without justification. Target's offer to have judgment entered in favor of Plaintiffs on these claims is tantamount to an admission of wrongdoing. Without the efforts expended by Plaintiffs' counsel, such an admission of liability would not have been achieved. Plaintiffs respectfully request that this Court grant Plaintiffs' request for reasonable attorneys' fees in the amount of $48,975.00 and all taxable costs and litigation expenses in the amount of $1,161.73.

## II.  ARGUMENT AND AUTHORITIES

"Fee awards are <u>mandatory</u> for prevailing plaintiffs in FLSA cases." *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 2013 U.S. Dist. LEXIS 15788, at *20 (S.D. Tex. Feb. 6, 2013) (emphasis added). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Fee applications in the Fifth Circuit are determined using the "lodestar" method, which is calculated by multiplying the number of hours reasonably expended on the litigation by an appropriate hourly rate in the community for such work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once the "lodestar" amount has been calculated, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90, 109 (1989) (The court may increase or decrease the lodestar fee based on the following *Johnson* factors: (1) required time and labor; (2) novelty and complexity of the issues; (3) skill required to properly litigate the claims; (4) whether the attorney had to refuse other work to litigate the case;

(5) the attorney's customary fee (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether it was long-standing; and (12) awards made in similar cases.). However, the lodestar is "presumptively reasonable and should only be modified in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

### A. Plaintiffs' Counsels' Attorney Fee Bills Are Adequate to Support Their Request for Attorney Fees.

"Compensable hours, reasonably spent are determined from the attorney's time records." *In re Enron Sec., Derivative & ERISA Litig.*, 586 F.Supp.2d 732, 755 (S.D. Tex. 2008). Courts generally require the movant "to provide contemporaneous time or billing records or other documentation which the district court must examine and discern which hours are compensable and which are not." *Id.* (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Even if the movant fails to provide contemporaneous billing statements, a fee award is not precluded as long as the evidence produced is adequate to determine reasonable hours." *Saavedra v. Richards,* 2012 U.S. Dist. LEXIS 38988, at *11 (S.D. Tex. Mar. 22, 2012).

Target argues that the information contained in Plaintiffs' counsels' fee bills is inadequate to support Plaintiffs' request for attorney fees because many of the entries are undated, vague, and the claimed hours are "unreasonably" high and duplicative for many tasks. [Doc. 31 at pg. 5-6]. As described in more detail below, Target's arguments in support of drastically reducing Plaintiffs' attorney fees by 40% are misplaced.

### 1. The attorney fees are not vague because the general nature of the work done is apparent from the context of the bills.

Target argues that Plaintiffs' attorneys' bills suffer from vagueness because they are undated and the descriptions of the time make it impossible for Target to "attribute a particular attorney's specific time to a distinct issue or claim." [Doc. 31 at pg. 4]. "Billing specificity is important, but attorneys cannot be required to spend all their time laboring over time descriptions." *Conner v. Mid S. Ins. Agency, Inc.* 943 F. Supp. 663, 666 (W.D. La. 1996) (citing *La. Power & Light Co. v. Kellstrom.* 50 F.3d 319, 327 (5th Cir. 1995)). The standard is reasonableness – work shown on the itemization and the hourly compensation rate requested must be reasonable. *Fox v. Vice*, 737 F. Supp. 2d 607, 610 (W.D. La. 2010). "Generally, courts should not parse through the time entries and engage in the pick and shovel work necessary to make a more precise determination of reasonableness of the requested fees." *Id.* Courts must "walk a fine line between the need to make a meaningful review of the billing information and excessive stinginess." *Conner*, 943 F. Supp. at 666.

In fact, Target goes so far to argue against Plaintiffs' requested attorneys' fees as to seek the substance of counsels' communications with Plaintiffs in order to properly determine whether the time claimed is reasonable. [Doc. 31 at pg. 4-5]. However, Plaintiffs are not required to disclose to Defendant the substance of their communications with counsel in order to obtain attorneys' fees for that time.

Target's request that this Court "significantly reduce" Plaintiffs' counsel's hours by **at least 40%** is disingenuous and drastic considering that Plaintiffs' claimed fees are supported by detailed contemporary itemizations which are broken down by quarter increments of the work performed. The work shown on the itemized fee bills is reasonable, and Target is able to determine from the fee bills the general nature of the work done.

4

**2. The time spent for two attorneys to pursue Plaintiffs' FLSA overtime claims against Target is reasonable.**

Target disingenuously disputes the amount of attorneys' fees requested by Plaintiffs because the claimed hours are "unreasonable" and "duplicative." However, the time spent and effort expended by the attorneys and legal support staff at WILLS LAW FIRM, PLLC was necessary to prosecute Plaintiffs' FLSA overtime claims against Target Corporation, one of the largest retail corporations in the world. Such efforts resulted in a complete victory with Target offering judgment in favor of the Plaintiffs.

According to Defendant, it was inefficient for Plaintiffs' two attorneys to work in concert with one another to prosecute Plaintiffs' claims, and so Plaintiffs' attorneys' fees should be reduced by "at least 40%." [Doc. 31 at pg. 11-12]. For example, Target points out that both attorneys billed time for drafting Plaintiffs' complaint and preparing Plaintiffs' damages analysis. *Id.* This is not duplicative billing. For example, in *Gross*, the court declined to reduce the plaintiffs' counsels' number of hours billed and explaining that it was not duplicative for two of plaintiffs' attorneys to both bill for time spent drafting the complaint, where one attorney drafted the complaint and another reviewed and edited the document. *Gross v. New Orleans City*, No. 12-2322, 2014 WL 2506464, at *9 (E.D. La. June 3, 2014).

Here, as in *Gross*, Plaintiffs' two competent lawyers divided up the tasks involved in bringing and prosecuting this action, and consulted with one another to provide an orderly framework for control of the litigation. Rhonda H. Wills performed the role of lead counsel, and Genevieve B. Estrada worked as Plaintiffs' associate attorney. The pleadings, briefs, and other documents reflect this division of responsibility. Ms. Wills and Ms. Estrada each took alternative responsibility for preparation of various pleadings, communications with Defendant's attorneys, research memoranda and other documents, while Ms. Wills reviewed the particular work product,

edited it, and offered suggestions or strategic amendments to the work performed by Ms. Estrada, an associate attorney.[1] This process did not result in duplicative or inefficient billing, as Target disingenuously argues, and Plaintiffs are entitled to be reimbursed for all of that work.

### 3. The fees for paralegal and law clerk time are reasonable and in line with comparable rates prevailing in the community.

It is well established that fees for paralegal and law clerk time are recoverable at the relevant market rates. *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989) (explaining that "market-rate billing of paralegal hours encourages cost-effective delivery of legal services"); *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847 (S.D. Tex. 2011) (explaining that a rate of $125 per hour for paralegals was "modest and reasonable"); *see also DeHoyos v. Allstate Corp.*, 240 F.R.D. 269 (W.D. Tex. 2007) ($145 rate for paralegal work); *Rolex Watch U.S.A., Inc. v. Mills*, No. 3:13-cv-61-L, 2012 WL 5903782, at *5-6 (N.D. Tex. Nov. 26, 2012) (awarding fees of $125 per hour for a paralegal); *EsNtion Records, Inc. v. Triton TM, Inc.*, No. 3:07-cv-2027-L, 2010 WL 3446910, at *3 (N.D. Tex. Aug. 31, 2010) (same).

In this matter, paralegals assisted Plaintiffs' counsel in reviewing documents, drafting correspondence, and performing complex work in reviewing, indexing and organizing documents produced by Target. Similarly, law clerks researched discrete legal issues and assisted Plaintiffs' counsel by key-citing all authority relied upon by either party. Therefore, Plaintiffs are entitled to recover these fees at the prevailing market rate.

### B. Consideration of the Relevant *Johnson* Factors Further Supports Plaintiffs' Requested Fees and Expenses.

Application of the relevant *Johnson* factors amply supports the reasonableness of Plaintiffs' requested attorney fees and expenses. The relevance of each of the *Johnson* factors will

---

[1] Ex. A, Supplemental Declaration of Rhonda H. Wills at ¶¶ 5-9.

vary in any particular case, and, rather than requiring a rigid application of each factor, the Fifth Circuit has left it to the lower court's discretion to apply those factors in view of the circumstances of a particular case. *See Cobb v. Miller*, 818 F.2d 1227, 1232 (5th. Cir. 1987) (refusing to reverse award when, although district court did not analyze every *Johnson* factor, the "district court has utilized the Johnson framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation").

Here, the evidence shows that the requested fees are supported by the *Johnson* factors. But for the extensive work performed by Plaintiffs' counsel, Plaintiffs would not have been able to secure an unconditional offer of judgment to pay the damages owed to them. Moreover, lead counsel for Plaintiffs has extensive experience and expertise as a lawyer in FLSA matters. And, this matter has at all times been pursued on a fully contingent basis, at a reasonable rate for attorneys of similar skill and experience in the community.

Nevertheless, Plaintiffs are not requesting an enhancement of attorneys' fees' above the lodestar in this case. Rather, Plaintiffs simply request the fees incurred for the time and labor as set forth specifically in Exhibit 2 to Plaintiffs' Request for Entry of Final Judgment and Attorneys' Fees and Costs. Accordingly, the Court should exercise its discretion and grant all requested attorneys' fees, costs, and litigation expenses.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter a Final Judgment in favor of Plaintiffs and against Defendant Target Corporation, and grant all requested attorneys' fees, costs, and litigation expenses in the amount set out by Plaintiffs.

Dated: November 9, 2015.

Respectfully submitted

*/s/ Rhonda H. Wills*

Rhonda H. Wills
ATTORNEY-IN-CHARGE
State Bar No. 00791943
Southern District I.D. No. 20699
Genevieve B. Estrada
State Bar No. 24087481
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 9th day of November, 2015.

/s/ *Rhonda H. Wills*
Rhonda H. Wills