United States District Court
Southern District of Texas
**ENTERED**
January 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BOBBY ROUSE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-48 |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER
## ON ATTORNEY'S FEES AND COSTS

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Defendant's Response in Opposition. Dkts. 30, 31. Having considered the parties' filings, the responses and replies thereto, and the applicable law, the Court finds Plaintiffs' Motion for Attorney's Fees should be **GRANTED in part and DENIED in part**. Accordingly, the Court awards **$23,750.00 in fees and $1,161.73 in court costs** to Plaintiffs.

## BACKGROUND

On March 3, 2015, Bobby Rouse ("Rouse"), individually and on behalf of all others similarly situated, filed a collective action Complaint in this Court against Target Corporation ("Target"). Rouse alleged that Target maintained a common policy and practice of improperly classifying those in his former position of Executive Team Leader–Asset Protection ("ETL-AP") as exempt from the overtime pay and related requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Nicole Garza ("Garza"), a former ETL-AP, filed her opt-in notice and on

1

July 22, 2015 Rouse and Garza filed an Amended Complaint adding Garza as a named plaintiff. Like the Original Complaint, the Amended Complaint sought unpaid wages in a collective action under 29 U.S.C. § 216(b) on behalf of all current and former ETLs-AP employed by Target, as well as liquidated damages and attorney's fees.

On July 24, 2015, after the parties had exchanged initial disclosures and responded to requests for the production of documents, Target extended Rule 68 Offers of Judgment to Plaintiffs. ("Rule 68 Offers"). On August 6, 2015, Plaintiffs accepted the Rule 68 Offers in the amounts of $6,250 for Rouse and $8,750 for Garza. Dkt. 26, ¶ 6. The Court subsequently approved Plaintiffs' acceptance of the Rule 68 Offers and entered judgment against Target.

No dispositive motions were ever filed and no depositions were taken by either party in this case. Likewise, no motion for conditional certification was filed by Plaintiffs, and no proposed class was certified. Prior to the Court's approval of the Rule 68 Offers, only one opposed motion was submitted by either side—Plaintiffs' Opposed Motion for Leave to File First Amended Complaint—which was granted the day after it was filed. The entire production in response to the parties' requests for production of documents consisted of 11 documents from the Plaintiffs and approximately 325 documents from Target. *See* Dkt. 31-3, Exhibit B, lines 43, 115-116. This action had been on the Court's docket for just under five months at the time that Target made the Rule 68 Offers.

Plaintiffs subsequently filed the Motion for Attorneys' Fees and Costs that is currently pending before the Court. In the motion Plaintiffs assert that their claimed

$48,975.00 in attorney's fees and $1,161.73 in costs are reasonable and request an award of these sums. Dkt. 30-6, ¶¶ 3–4. To support the request, the Plaintiffs attached five exhibits: (1) Declaration of Rhonda H. Wills, (2) Fee Bills for Wills Law Firm, PLLC, (3) an Expense Statement, (4) the resume of an associate attorney Genevieve B. Estrada, and (5) Billing Rates Across the Country as reported by the National Law Journal's annual survey. *See* Dkt. 30. Target filed a response opposing the award of these sums because, among other things, the claimed fees and costs are inadequately documented, excessive, duplicative or unnecessary. The arguments are examined below.

## ANALYSIS

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Fee awards are mandatory for prevailing plaintiffs in FLSA cases." *Chapman v. A.S.U.I. Healthcare & Dev. Ctr., No.* CIV.A. H-11-3025, 2013 WL 487032, at *2 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 F. App'x 182 (5th Cir. 2014) *cert. denied*, 134 S. Ct. 2733, 189 L. Ed. 2d 766 (2014). To be considered reasonable, however, those fees and costs must be properly documented and supported. *Hensley v. Eckerhart*, , 433 (1983).

Fee applications in the Fifth Circuit are analyzed using the "lodestar" method. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The first step is to determine the reasonable hourly rate for the attorneys who worked on the case. The prevailing market rate for similar services by similarly situated trained and experienced

3

lawyers in the relevant legal community is the established basis for determining the reasonable hourly rate. *Tollet v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). The second step is to determine the number of hours "reasonably expended" on the litigation. *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 284 (5th Cir. 2008). The party seeking the fee award has the burden of establishing the reasonableness of the number of hours billed. *Saizan v. Delta Concrete Prods. Co.,* 448 F.3d at 799. One relevant consideration in determining reasonableness is whether the attorney hours show an exercise of "billing judgment." *Id.*; *Black v. SettlePou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013). To establish the exercise of billing judgment, a fee applicant must produce "documentation of the hours charged and the hours written off as unproductive, excessive, or redundant." *Saizan,* 448 F.3d at 799. The court then calculates the appropriate "lodestar", *i.e.,* the reasonable hourly billing rate for the attorney multiplied by the number of hours he or she reasonably expended on the litigation. *Id.*

After calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson.*[1] *Saizan,* 448 F.3d at 800; *Riddle v. Tex-Fin, Inc., No.* CIV.A. H-08-3121, 2011 WL 1103033, at *5 (S.D. Tex. Mar. 22, 2011). The lodestar may not be adjusted due to a

---

[1] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

4

*Johnson* factor that was already taken into account during the initial calculation of the lodestar. *Saizan*, 448 F.3d at 800 (noting that applying the same *Johnson* factor during the initial calculation and then again to adjust the lodestar "would be impermissible double counting.") The lodestar is "presumptively reasonable and should only be modified in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

### A. Determining the Lodestar

Plaintiffs calculate their requested fees using the "lodestar" method, and they do not seek an increase of the lodestar amount under the *Johnson* factors. Dkt. 32, p. 7. Plaintiffs contend $48,975.00 is the "fair and reasonable amount of attorney's fees" to be awarded, based upon the following information from the billing records attached to their motion: (1) lead attorney for Plaintiffs, Rhonda H. Wills spent 53.5 hours on this matter and charged a rate of $500 per hour and (2) associate attorney Genevieve B. Estrada, spent 58 hours on this matter and charged a rate of $300 per hour. *See* Dkts. 30-1, Exhibit 1; 30-2, Exhibit 2. The Court first turns to the reasonableness of the hourly rates of Wills and Estrada.

### 1. Wills's Reasonable Hourly Rate[2]

Wills has been licensed to practice law in Texas for over 21 years. She is the founding member and co-managing partner of Wills Law Firm, PLLC. Wills Law Firm, PLLC is a small firm with three licensed attorneys, as well as legal assistants and "law clerks." Dkt. 30-1, Exhibit 1, ¶ 4. In her 21 years' of practice, Wills has specialized in employment litigation and complex multi-party litigation, including national and

---

[2] Target does not object to the hourly rates claimed by Wills and Estrada.

statewide class actions and collective actions under the FLSA. *Id.* at ¶ 6. She has experience in Texas state and federal district court, and she is also admitted to practice in the State of New York, the Fifth Circuit Court of Appeals, and the United States Supreme Court. *Id.* at ¶ 5. Wills' affidavit lists 40 wage and hour cases in which she served as plaintiff's lead counsel. *Id.* at ¶ 11.

Based upon this evidence, as well as the Court's own experience in the relevant community, case law and other authorities, the Court finds that $500 per hour is a reasonable hourly rate for an attorney of Wills's skill and expertise in the Southern District of Texas. *See Jane Roe/Rachel V. Rose v. BCE Technology Corp.* 2014 WL 1322979, at *3 (S.D. Tex. 2014)("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *In re Wells Fargo and Hour Employment Practices Litigation* (No. III), Case No. 4:11-md-2266 (court approved Wills' application for attorney's fees in FLSA matter at rate of $550 per hour); *Whitney Bank v. Hancock*, 2013 WL 1404822, at *3-4 (S.D. Tex. Apr. 5, 2013)(hourly rates of $450 to $475 per hour found reasonable for a commercial litigator with 23 years experience).

### 2. Estrada's Reasonable Hourly Rate

Estrada has been licensed to practice in Texas for approximately two years and is an associate attorney with Wills Law Firm, PLLC. During Estrada's two years with the firm, she has gained considerable experience with wage and hour employment cases. As Estrada's managing attorney, Wills submitted a declaration stating that Estrada has been

6

licensed in Texas since 2013, and that $300 per hour was a reasonable hourly rate for an attorney with Estrada's qualifications. Wills also attached Estrada's resume and the 2013 National Law Journal survey of U.S. law firm billing rates. *See* Dkt. 30-2, Exhibit 5. According to that survey, firms in Texas charge hourly rates averaging from approximately $655 for partners and $417 for associates. *Id.*

Based upon this evidence, as well as the Court's own experience in the relevant community, case law and other authorities, the Court finds that $300 per hour is a reasonable hourly rate for an attorney of Estrada's skills and expertise in the Southern District. This Court takes judicial notice of the Texas State Bar's "Hourly Fact Sheet," the most recent such report, which shows that the median hourly rate for labor-employment attorneys in Texas was then $256 per hour.[3]

### B. Number of Hours Reasonably Expended

Next, the Court turns to the number of hours worked by Wills and Estrada. Wills submitted a summary table of 127 time entries. *See* Dkt. 30-2, Exhibit 2. The time was counted by 1/4th of an hour (.25 minute blocks).[4] *Id.* The summary table was grouped by person or category (Wills, Estrada, unknown paralegals, unknown "law clerks", and tasks

---

[3] *See* State Bar of Texas Department of Research and Analysis 2013 Hourly Fact Sheet, available at:https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends &Template=/CM/ContentDisplay.cfm&ContentID=27264. The State Bar of Texas Department of Research & Analysis complies a bi-annual report detailing attorneys' self-reported hourly rates by years in practice, location, and type of practice.

[4] Because of the facts and circumstances of this case—specifically the apparent lack of billing judgment—the Court finds the quarter hour (0.25) billing increments suspect. *See, e.g., Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor,* 194 F.3d 684, 692 (5th Cir. 1999), (judicial precedent in the jurisdiction has found billing in quarter hour increments to be suspect, however under the facts of the case, the Fifth Circuit determined that the fees assessed were reasonable).

performed. The summary table does not, however, indicate the date or time these tasks were performed.

A typical excerpt from the summary table reads as follows:

Fee Bills for Wills Law Firm, PLLC
Civil Action No. 3:15-cv-00048: *Bobby Rouse, et al., v. Target Corporation*

| Timekeeper & Rate | Task | Time | Total |
|---|---|---|---|
| RHW $500 | Initial meetings with Bobby Rouse (2) | 2.50 | $1250.00 |
| RHW $500 | Research, prepare and file Plaintiffs' Original Complaint | 4.25 | $2125.00 |
| RHW $500 | Prepare and file Notices of Consent | .50 | $250.00 |
| RHW $500 | Review Order for Conference and Disclosure of Interested Parties | .25 | $125.00 |
| RHW $500 | Review Motion for Jeffrey D. Wohl to Appear Pro Hac Vice and to Appear as Attorney-In-Charge | .25 | $125.00 |
| RHW $500 | Review Motion for Peter A. Cooper to Appear Pro Hac Vice | .25 | $125.00 |
| RHW $500 | Review Motion for Claire Hoffman to Appear Pro Hac Vice | .25 | $125.00 |
| RHW $500 | Review Order Granting Motion for Jeffrey D. Wohl to Appear Pro Hac Vice | .25 | $125.00 |
| RHW $500 | Review Order Granting Motion for Peter A. Cooper to Appear Pro Hac Vice | .25 | $125.00 |
| RHW $500 | Review Order Granting Motion for Claire Hoffman to Appear Pro Hac Vice | .25 | $125.00 |
| RHW $500 | Review Defendant's Answer to Plaintiff's Original Complaint and prepare memo regarding legal research regarding same | 1.50 | $750.00 |
| RHW $500 | Review Defendants' Certificated of Interested Parties | .25 | $125.00 |
| RHW $500 | Review Defendants' Corporate Disclosure Statement | .25 | $125.00 |
| RHW $500 | Review Notice of Reassignment to USDC Judge George C. Hanks | .25 | $125.00 |
| RHW $500 | Review Order for Conference and Disclosure of Interested Parties | .25 | $125.00 |

Dkt. 30-2, Ex. 2.

Target contends that the number of hours claimed for legal services provided to Plaintiffs by counsel are unreasonable, and that the billing records for those services establish a lack of billing judgment. Specifically, Target argues that the requested fees should be significantly reduced because certain fees and costs are inadequately documented and are excessive for the work performed, or are duplicative or unnecessary.[5]

The party seeking attorney's fees bears the burden of properly documenting the hours spent and must submit competent evidence of those hours. *Hensley*, 461 U.S. at 433; *Prater v. Commerce Equities Mgmt. Co.*, Civil Action No. H–07–2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008). Plaintiffs must provide billing statements with enough information for the court to discern which fees are reasonably expended and which are not. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam) (noting that documentation of attorney's fees must be sufficient to allow courts to determine reasonable award amount). Further, attorneys "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

"The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan*, 448 F.3d at 799. In other words, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed

---

[5] Target does not argue for a downward adjustment of the lodestar based on any of the *Johnson* factors.

as a practical means of trimming fat from a fee application." *Villegas v. Regions Bank*, 2013 WL 76719, at *4 (S.D. Tex. Jan. 4, 2013) (J. Rosenthal); *see also Preston Exploration Co. v. GSP, LLC*, 2013 WL 3229678 (S.D. Tex. June 25, 2013) (reducing requested fees by 20% for lack of billing judgment); *Peak Technical Services, Inc. v. Land & Sea Engineering, LLC*, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012) (reducing requested fees by 50%); *In re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litigation*, 851 F.Supp.2d 1040, 1087 (S.D. Tex. 2012)(applying lodestar analysis, lack of evidence of billing judgment supported 10%-15% reduction in number of hours billed). After a careful review of the summary submitted by the Plaintiffs, the Court finds that a 50% reduction of the hours sought is warranted.

### 1. Certain Requested Attorney's Fees are Inadequately Documented, Excessive, Duplicative, or Unnecessary

#### a. Claimed Hours Inadequately Documented

Here, not only are the billing entries presented in the summary undated, but there are also multiple entries that conflate numerous activities into a single entry. Such entries fail to satisfy the criteria for supporting an attorneys' fee application. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (stating that, among other things, each time record in fee application should be dated). For example, the undated entry on line 51 of the summary reflects 6.0 hours—more than 10% of the total time spent by Wills on this case— for "[e]xchange of 24 emails with opposing counsel." Dkt. 30-2. Similarly, the undated entry on line 52 of the summary reflects a total of 1.75 hours for "T/c with client (6)" for Wills and lines 1, 23, and 50 reflect a total of 5.75 hours of "client meeting[s]"

on undescribed subjects. *See id.* Estrada likewise claims an additional 2.0 hours for meetings, consults, and/or telephone conferences with the Plaintiffs without any substantive description. *See id.* (lines 54–55, 71). Entries such as these make it difficult for the Court to determine whether the time claimed is reasonable for the services provided, whether the time claimed related to tasks for which plaintiff cannot recover, or whether it is duplicative of other time claimed. Accordingly, the Court finds that these records are insufficient to support an award of fees in the amount sought by Plaintiffs. *See Humphry v. United Way of the Texas Gulf Coast*, 802 F. Supp. 2d 847, 865 n.25 (S.D. Tex. 2011) ("Bare descriptions, without any reference to content or purpose, do not demonstrate that the services were necessary and that the amount of time expended was reasonable.").

### b. Claimed Hours are Excessive

Further, the Court also finds that the billing summary submitted by Plaintiffs includes multiple instances of hours that are excessive given the qualifications, and thus the billing rates, of Plaintiffs' counsel. For example:

- 1.5 hours for Wills to review defense counsel's three form motions for *pro hac vice* (0.75 hours) and the Court's orders granting those motions, *i.e.*, the signature at the bottom of the form motion (0.75 hours), *see* Dkt. 30-2, lines 5-10; *see also* Dkts. 6-8, 9-11).
- 0.75 hours for Wills to review Target's certificates of interested parties, which listed only the parties to the action, and corporate disclosure statement, wherein Target stated there was nothing to disclose, *see* Dkt. 30-2 (lines 12–13, 16); *see also* Dkts. 13–14, 18.
- 0.5 hours for Estrada reviewing both the minute entry and order from the pre-trial conference (after attending the conference in person, *see* Dkt. 30-2, line 92) and the docket control order which set forth the same scheduling dates, *see id.* (lines 94–95); *see also* Dkts. 21–22.

- 0.5 hours for Estrada to review 11 pages of her clients' own documents prior to production, in light of the fact that a paralegal purportedly spent over 17 hours to review and produce the documents and Wills also spent time reviewing the documents. *See* Dkt. 30-2 (lines 31, 88, 115-116).

The Court finds that, in light of the limited procedural history of this case and the billing summary submitted, the amount of attorney hours claimed—111.5—is excessive.

### c. Claimed Hours are Duplicative

Additionally, Plaintiffs' billing records reflect that numerous tasks were duplicated by multiple attorneys or timekeepers. For instance, in addition to the time claimed by Wills for reviewing defense counsel's basic *pro hac vice* motions and Target's corporate disclosures, Estrada claims the exact same time to perform these identical tasks:

- 1.5 hours for Estrada reviewing defense counsel's three form motions for *pro hac* admission (0.75 hours) and the Court's orders granting those motions, *i.e.*, the signature at the bottom of the form motion (0.75 hours), *see* Dkt. 30-2, (lines 62-67).
- 0.5 hours for reviewing Target's certificates of interested parties, which listed only the parties to the action, and corporate disclosure statement, *see id.* (lines 69-70, 74).

Plaintiffs' billing statements also indicate that Wills and Estrada seek to recover for other duplicative work, including:

- Preparing, researching, and (both) *filing* the complaint and notices of consent in this non-complex FLSA case (4.75 hours for Wills, *see* Dkt. 30-2, (lines 2–3); 8.0 hours for Estrada, *see id.* (line 56), totaling $4,775).
- Reviewing a letter regarding the settlement of Plaintiffs' claims (0.75 hours for Wills, *see id.* (line 20); 0.25 hours for Estrada, *see id.* (line 77)).
- Preparing a damages analysis for Plaintiffs (1.5 hours for Wills, *see id.* (line 22); 2.5 hours for Estrada, *see id.* (line 79)).
- Reviewing a letter regarding deposition for Plaintiffs (0.25 hours for Wills, *see id.* (line 27); 0.25 for Estrada, *see id.* (line 83))

- Reviewing Target's responses to Plaintiff Rouse's first request for production and review of the documents produced by Target (2.25 hours for Wills, *see id.* (line 43); 2.0 hours for Estrada, *see id.* (lines 78 & 99)).

*See, e.g., Lowery v. Cash's Cabanas, Inc.,* No. 3:08-CV-186-MCR-MD, 2011 WL 679457, at *7 (N.D. Fla. Jan. 4, 2011) report and recommendation adopted, No. 3:08-CV-186 MCR MD, 2011 WL 674800 (N.D. Fla. Feb. 16, 2011) (reducing fee by 60% where "nearly every piece of evidence or bit of information that came in was reviewed by at least two lawyers and a paralegal" and finding excessive $5,207.50 in billable time for "experienced employment firm" to prepare "relatively simple complaint").

### d. Claimed Hours Include Unnecessary Work

A review of the billing summary reveals that Plaintiffs are seeking fees also for work that was not expended in pursuit of the ultimate result achieved in this case. Courts have held that "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 435 (internal citations and quotation marks omitted). Here, Plaintiffs seek to recover for 4.75 hours spent by Wills for research and drafting a motion for conditional certification. *See* Dkt. 31-2, (line 40, "Research and begin drafting motion for conditional certification"). However, no such motion for class certification was filed. Thus, the Court excludes amounts expended in pursuit of a collective action from the Court's consideration of a reasonable fee. Accordingly, for the reasons stated above, the Court's detailed analysis of Plaintiffs' billing summary leads it to conclude that a 50% reduction of attorney hours is warranted to account for the clearly apparent lack of billing judgment by Plaintiffs' counsel. This

50% downward adjustment reduces the fees to **$13,375 for Wills** and **$8,700 for Estrada**.[6]

### 2. Paralegal and Law Clerk Fees Excluded

Plaintiffs request $3,812.50 in paralegal fees (30.5 hours at the rate of $125 per hour) and $1,012.50 in "law clerk" fees (6.75 hours at the rate of $150.00 per hour). *See* Dkt. 30, Exhibit 2. However not only are the billing records of this work undated, but Plaintiffs have submitted no evidence about the number, identity, and qualifications of the individuals performing this work. Furthermore, Plaintiffs have not submitted any evidence establishing any effort by counsel to eliminate any hours that were primarily clerical in nature, duplicative, unnecessary or not normally billed to clients. Without such information, the Court cannot determine whether these individuals are trained to perform these services, whether the rates claimed are reasonable, or whether Plaintiffs' counsel utilized secretarial staff to complete this work.

The Fifth Circuit has found paralegal rates of $75 to $125 per hour reasonable. *See League of United Latin American Citizens v. Roscoe Independent School Dist.*, 119 F.3d 1228, 1235 (5th Cir. 1997); *see also Firth v. Don McGill of West Houston*, Ltd., No. Civ.A. H-04-0659, 2006 WL 846377, at *6 (S.D. Tex. March 28, 2006) ($95 to $125 per hour fees for paralegal). Similar rates have been upheld for students performing work as

---

[6] The Court notes that an argument could be made that the $48.975.00 in claimed fees is unreasonable and should be reduced given Plaintiffs' limited total recovery of $15,000 and the fact no class was ever certified. *See Villegas v. Regions Bank*, No. CIV.A. H-11-904, 2013 WL 76719, at *5 (S.D. Tex. Jan. 4, 2013) (noting in FLSA cases "that fees should not overwhelm a case.") However under the circumstances of this case the Court declines to consider an adjustment to the loadstar under *Johnson*.

law clerks. *See, e.g., Landmark American Ins. Co. v. Ray*, No. SA-05-CA-0005-RF, 2006 WL 4092436, at *3 (W.D. Tex. Dec.21, 2006) ($100 per hour for law clerk); *Purdie v. Ace Cash Express, Inc.*, No. Civ. A. 301CV1754L, 2003 WL 22976611, at *9 (N.D. Tex. Dec.11, 2003) (approving $75 to $125 per hour for clerks and paralegals). Here, because of the lack of information provided by Plaintiffs regarding the qualifications of the unknown paralegals and the Court's experience with the type of work claimed to have been performed, the Court finds that a reasonable hourly rate for the claimed paralegal work in this case is $100 per hour. *See Condon v. Hunting Energy Services L.P.*, 2006 WL 2882857 (S.D. Tex. Oct.4, 2006.). However, the Court cannot make such finding on the "law clerk" time because the Court has no definition of what a "law clerk" might be. That term is used to describe lawyers and law students and without more information, the Court find Plaintiffs have not carried their burden to recover this type of time.

The Court also finds that the paralegal billing summary reflects that some of the time charged was excessive, and that the records evidence a lack of billing judgment. Specifically, the Court finds Plaintiffs claimed 17 hours for "Mark[ing] 11 Documents for Plaintiff's Document Production" by an unidentified paralegal, is excessive. The Court finds that the reasonable time for the paralegal work in this case should be: 16.75 hours. Thus, the total fees awarded for work by paralegals is **$1,675.00**.

### D. Costs

Finally, Plaintiffs seek $1,161.73 in reimbursement for their costs in this case. Before a court awards costs, the party claiming the cost shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave

15

rise to the cost were actually and necessarily performed. In this case, Plaintiffs submitted

an "Expense Statement" that itemized the case expenses. *See* Dkt. 30-3:

**WILLS LAW FIRM, PLLC**
1776 Yorktown, Suite 570
Houston, Texas 77056
Phone (713) 528-4455  Fax (713) 528-2047

EXPENSE STATEMENT

DATE  OCTOBER 9, 2015

RE:
Rouse v. Target Corporation                    [Itemized Case Expenses]

| DESCRIPTION | AMOUNT |
|---|---|
| Filing Fees | $400.00 |
| Process Server | $70.00 |
| Travel to Scheduling Conference-RHW Galveston, TX (mileage) | $122.10 |
| Travel to Scheduling Conference-GE-Galveston, TX (mileage) | $122.10 |
| Pre Trial Meals | $73.39 |
| US Legal Hosting | $54.12 |
| FedEx Shipping | $28.17 |
| Faxes @ $1.00 per page | $2.00 |
| Copies 1568BW @ $0.15 105Color @ $0.25 per page | $249.85 |
| Postage | $40.00 |
| **TOTAL** | **$1,161.73** |

In her declaration Wills avers that this "is an accurate summary indicating the

taxable costs and litigation expenses incurred by Wills Law Firm, PLLC in this matter for

the advancement of the claims of Plaintiffs." Dkt. 30-1, ¶ 25. Target objects to any award

of costs asserting that the Wills affidavit is conclusory. Target argues that Plaintiffs have

not provided sufficient evidence for the Court to determine that the claimed costs were

incurred as part of this case and are not part of the overhead of Plaintiffs' counsel.

Reasonable litigation expenses are ordinarily included in an award of statutory

attorneys' fees. *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1190 (11th Cir.

1983). This applies to the FLSA's attorneys' fee provision. *See Calderon v. Witvoet*, 112

F.3d 275, 276 (7th Cir. 1997); *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir.

1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989); *Certilus v.*

*Peeples*, No. 81–46–Civ–OC–12, 1984 WL 3192, at *2–3 (M.D.Fla. Dec. 4, 1984).

Accordingly, in addition to taxable court costs listed under 28 U.S.C. § 1920, costs for

travel, meals, lodging, photocopying, long-distance telephone calls, computer legal

research, postage, courier service, mediation, exhibits, document scanning, and visual

equipment litigation expenses are also recoverable under the FLSA as part of an

attorney's fee award. *See Alex v. KHG of San Antonio, LLC,* No. 5:13-CV-0728 RCL,

2015 WL 5098327, at *8 (W.D. Tex. Aug. 28, 2015)(citing *Hilton v. Exec. Self Storage*

*Assocs.,* 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009); *Quintanilla v. A & R*

*Demolition Inc.*, No. CIV.A. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7,

2008); *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, No. CIV.A. H-11-3025, 2013 WL

487032, at *8 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare &*

*Dev. Ctr.*, 562 F. App'x 182 (5th Cir. 2014).

The Court agrees that Wills' declaration provides very few facts from which the

Court can verify that the claimed costs are in fact related to this case. *Compare Wales v.*

*Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001) (court found affidavit

sufficient to support an award of costs where counsel averred that he has "personally

reviewed all the expense records of [law firm] relating to this case and matched them

against attorney time records in the case to ensure that the expenses were indeed incurred

in the course of [their] work on behalf of the Plaintiffs. [He is] certain that the records

attached accurately reflect legitimate expenditures by the firm in support of the activities

of the attorneys who worked on the case."). However, after a detailed analysis of

17

Plaintiffs' billing summary, the Court's docket sheet, and based on the Court's knowledge of the expenses required to prosecute similar cases, the Court finds that the requested costs in the amount of **$1,161.73** are reasonable and should be awarded.

## CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED** that the Plaintiffs' Motion for Attorney Fees and Costs is **GRANTED in part and DENIED in part**. Plaintiffs are awarded **$23,750.00 in fees and $1,161.73 in court costs**.

| | | | |
|---|---|---|---|
| Attorneys | | | *50% reduction* |
| Wills | $500 | 53.5 | $13,375.00 |
| Estrada | $300 | 58 | $8,700.00 |
| | | | |
| Paralegals | $100 | 16.75 | $1,675 |
| | | | |
| | | Costs | $1,161.73 |
| | | | |
| | | | |

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on January 26 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE